UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE TRAVELERS INDEMNITY COMPANY,

Plaintiff,

v.

VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, WAYNE DEMARCO, PAUL D. WOSCYNA, and NATIONAL GRID USA SERVICE COMPANY, INC.,

Defendants.

Civil Action No. CA 06 488

# COMPLAINT

The Travelers Indemnity Company (hereinafter, "Travelers") brings this declaratory judgment action to obtain an adjudication of its rights and obligations under a liability insurance policy issued to Virginia Transportation Corporation (hereinafter, "Virginia Transportation").

## Parties

1. Travelers is a corporation organized and existing under the laws of Connecticut and having its principal place of business in Hartford, Connecticut.

2. Virginia Transportation is a corporation organized and existing under the laws of Rhode Island and having a principal place business at 1600 Flat River Road, Coventry, Rhode Island.

3. Leo H. Doire (hereinafter, "Doire") is a citizen of Rhode Island and a resident of the Town of Coventry, Rhode Island.

4. Wayne DeMarco (hereinafter, "DeMarco") is a citizen of Rhode Island and a resident of the Town of Scituate, Rhode Island.

5. Paul D. Woscyna (hereinafter, "Woscyna") is a citizen of New Hampshire and a resident of the Town of Derry, New Hampshire.

6. National Grid USA Service Company, Inc., formerly known as Niagara Mohawk Power Corporation (hereinafter, "National Grid"), is a corporation organized and existing under the laws of New York with a principal place of business in Albany, New York.

**Facts**

7. Travelers issued a liability insurance policy to Virginia Transportation which was in effect on September 10, 2003 ("the Policy").

8. The Policy had a combined single limit of $1,000,000 for bodily injury and property damage claims.

9. Doire is, and at all relevant times was, the owner and president of Virginia Transportation.

10. On September 10, 2003, Doire was driving a motor vehicle owned by Virginia Transportation in which DeMarco and Woscyna were passengers. The vehicle was involved in a collision that caused serious injuries to Demarco and Woscyna. There were also three other passengers in the car who were injured less seriously.

11. On or about September 16, 2003, Virginia Transportation notified Travelers of the collision and the injuries to the five passengers.

12. On or about February 25, 2004, DeMarco filed a lawsuit in the Rhode Island Superior Court (Providence County) against Virginia Transportation and Doire seeking damages for the injuries he sustained as a result of the collision. In this lawsuit, DeMarco's wife and children asserted claims for loss of consortium, companionship, and society.

13. On or about August 24, 2006, Woscyna filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation and Doire, seeking damages for the injuries that he sustained as a result of the collision.

14. To date, none of the other passengers of the vehicle driven by Doire has asserted a claim or filed a lawsuit against Virginia Transportation or Doire.

15. However, on or about September 8, 2006, National Grid filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation, seeking recovery for damage to its property caused by the collision.

16. Travelers offered its policy limit of $1,000,000 to settle the claims by DeMarco and Woscyna.

17. Woscyna offered to settle his claim for $450,000.

18. DeMarco never offered to settle for less than the full Policy limit.

19. On or about August 16, 2006, Travelers filed an Interpleader Complaint in the Rhode Island Superior Court (Providence County) by which it sought to resolve the competing claims of DeMarco, Woscyna, and National Grid.

20. In or about August, 2006, Travelers filed a motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy, while it continued to provide a defense to Virginia Transport and Doire against the claims by DeMarco, Woscyna, and National Grid. Without a written opinion, the Superior Court denied Travelers' motion, which was opposed by DeMarco.

21. DeMarco tried his case to a jury, and on or about September 22, 2006, was awarded $2,801,937.

22. DeMarco contends that he is entitled to recover from Travelers sums in excess of the Policy limit.

23. Virginia Transportation and Doire contend that Travelers is obligated to indemnify them against sums in excess of the Policy limit.

24. Travelers' obligation to defend and indemnify Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid is limited by the terms and conditions of the Policy, including the Policy limit.

25. The Policy expressly states: "The most we will pay for any one accident or loss [is] $1,000,000."

26. The Policy expressly states: "Our duty to defend or settle [any claim or suit] ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

27. The Policy expressly states that Travelers will pay: "[a]ll interest on the full amount of any judgment that accrues after entry of the judgment in any 'suit' we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance."

**COUNT I – DECLARATORY RELIEF**

28. Travelers restates the allegations set forth in paragraphs 1-27 above and incorporates them by reference as though fully set forth herein.

29. A justiciable controversy exists between Travelers and the Defendants as to the rights and obligations of Travelers under the Policy.

30. Travelers is entitled to the following declarations:

A. Travelers duty to defend or settle the claims against Virginia Transportation and Doire ends when its Policy Limit of $1,000,000 has been exhausted by payment of judgments or settlement.

B. Travelers is entitled to exhaust its policy limit by paying $1,000,000 to DeMarco in partial payment of the judgment DeMarco has obtained against Doire and Virginia Transportation.

C. Prior to the entry of the judgment, Travelers was not required to pay the Policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid.

D. Travelers is not required to make any payment to Woscyna, absent a judgment in favor of Woscyna, where such a payment would reduce the sums available to pay the judgment obtained by DeMarco.

E. Travelers is not required to make any payment to National Grid, absent a judgment is favor of National Grid, where such a payment would reduce the sums available to pay the judgment obtained by DeMarco.

F. Travelers has no obligation to pay any interest that has accrued after the entry of the judgment in the DeMarco suit, where prior to the trial of that action, Travelers filed a motion to deposit in court the $1,000,000 limit of the Policy.

G. Travelers is not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the Policy's stated limit of $1,000,000.

H. Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any amount in excess of the Policy's stated $1,000,000 limit.

**WHEREFORE**, Travelers respectfully requests this Court to enter the judicial declarations set forth in paragraph 30 (A-H) above and to enter such other relief as it deems appropriate and just.

**TRAVELERS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By its attorneys,

Stephen P. Harten, Esq./#4102
**Ratcliffe Burke Harten & Elias, LLP**
1600 Financial Plaza
Providence, RI 02903
(401) 331-3400
(401) 331-3440 (fax)

Anthony R. Zelle, Esq. BBO No. 548141
Brian P. McDonough, Esq. BBO No. 637999
**Zelle McDonough LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
(617) 742-6520
(617) 973-1562 (fax)