UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, JR., and WAYNE DEMARCO,<br><br>Defendants. | Civil Action No.: 06-488 |

## AMENDED COMPLAINT

The Travelers Indemnity Company (hereinafter, "Travelers") brings this declaratory judgment action to obtain an adjudication of its rights and obligations under a liability insurance policy issued to Virginia Transportation Corporation (hereinafter, "Virginia Transportation").

### Parties

1. Travelers is a corporation organized and existing under the laws of Connecticut and having its principal place of business in Hartford, Connecticut

2. Virginia Transportation is a corporation organized and existing under the laws of Rhode Island and having a principal place business at 1600 Flat River Road, Coventry, Rhode Island.

3. Leo H. Doire, Jr. (hereinafter, "Doire") is a citizen of Rhode Island and a resident of the Town of Coventry, Rhode Island.

4. Wayne DeMarco (hereinafter, "DeMarco") is a citizen of Rhode Island and a resident of the Town of Scituate, Rhode Island

**Facts**

5. Travelers issued a liability insurance policy to Virginia Transportation which was in effect on September 10, 2003 ("the Policy")

6. The Policy had a combined single limit of $1,000,000 for bodily injury and property damage claims.

7. Doire is, and at all relevant times was, the owner and president of Virginia Transportation.

8. On September 10, 2003, Doire was driving a motor vehicle owned by Virginia Transportation in which DeMarco, Paul D. Woscyna ("Woscyna") and three other individuals were passengers.

9. The vehicle driven by Mr. Doire collided with a utility pole owned National Grid USA Service Company, Inc. ("National Grid") causing serious injuries to Demarco and Woscyna and damaging the property of National Grid

10. On or about September 23, 2003, counsel for Virginia Transportation and Doire, Jeffrey Pine, advised Travelers of the collision and the injuries to the passengers.

11. By letter dated February 3, 2004, Travelers informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit. The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit . . . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense."

12. DeMarco and Woscyna and National Grid each filed lawsuits against Doire and Virginia Transportation seeking compensation for the injuries and damage caused by the collision.

13. DeMarco filed a lawsuit against Virginia Transportation and Doire on or about February 25, 2004, in the Rhode Island Superior Court, Providence County, which was assigned Civil Action No. 04-1171 seeking damages for the injuries he sustained as a result of the collision. In this lawsuit, DeMarco's wife and children asserted claims for loss of consortium, companionship, and society.

14. By letter dated March 9, 2004, after receiving a copy of the complaint filed by DeMarco, Travelers again informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit. The injuries sustained by Mr. DeMarco and other passengers are significant and may exceed the noted single liability limit . . . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense."

15. Woscyna filed a lawsuit on or about August 24, 2006, in the Rhode Island Superior Court (Kent County) against Virginia Transportation and Doire, seeking damages for the injuries that he sustained as a result of the collision. In this lawsuit, Woscyna's wife and child asserted claims for loss of consortium, companionship, and society.

16. On or about September 8, 2006, National Grid filed a lawsuit in the Rhode Island Superior Court (Kent County) against Virginia Transportation, seeking recovery for damage to its property caused by the collision.

17. To date, none of the other passengers of the vehicle driven by Doire which collided with a utility pole on September 10, 2003 has asserted a claim or filed a lawsuit against Virginia Transportation or Doire.

18. On January 28, 2005, Woscyna's attorney, Hector Zumbado, submitted a written settlement demand for $829,747.00 to Travelers.

19. On February 7, 2005, DeMarco's attorney, Jessica Basso, wrote to counsel retained by Travelers to defend the claim against Doire and Virginia Transportation stating:

> Please be advised that Attorney Hector Zumbado, attorney for the other injured person in the subject motor vehicle accident, has submitted a settlement demand totaling $829,747.00
>
> As you know, the subject liability policy has a $1,000,000 limit. Would you kindly advise the adjuster that Mr. DeMarco is not done treating, that Mr. DeMarco's medical bills are five (5) times the amount of Mr. Woscyna's medical bills, and that Mr. DeMarco's scarring covers multiple parts of his body. That being said, I suspect that Mr. Woscyna's claim will not be resolved until Mr. DeMarco's claim is ready to be resolved.

20. By letter dated April 12, 2006 Travelers again informed Virginia Transportation, Doire, and their attorney, Jeffrey Pine, that the Travelers insurance policy has a "$1 million combined single limit. The injuries sustained by Mr. DeMarco and Mr. Woscyna, among other passengers, are significant and may exceed the noted single liability limit . . . you are invited to retain legal counsel to advise you with respect to your possible exposure in excess of the limit of the policy. The retention of such counsel will be at your own expense."

21. After DeMarco's counsel indicated that DeMarco's claim was ready to be resolved, Travelers offered its policy limit of $1,000,000 to settle the claims by DeMarco and Woscyna and National Grid.

22. DeMarco never offered to settle for less than the full $1,000,000 Policy limit.

23. Following mediation of the DeMarco, Woscyna and National Grid claims, which did not lead to a settlement, Travelers wrote to counsel for Woscyna and DeMarco, who at this time was Mark Dana, stating:

> At this time we propose a pro-rata settlement to Mssrs.Demarco and Woscyna in exchange for a complete release from both claimants. Our proposal for a pro-rata settlement follows:
>
> Wayne DeMarco: $550,000
> Paul Woscyna: $450,000

24. Woscyna agreed to the settlement proposed by Travelers referred to in Paragraph 23.

25. DeMarco did not respond to the settlement offer referred to in Paragraph 23.

26. On September 18, 2006, the first day of the trial of the DeMarco case, Doire offered to personally contribute $150,000 to a settlement of the DeMarco claims and an offer of $700,000 was extended. DeMarco did not accept the offer.

27 DeMarco tried his case to a jury, and on or about September 22, 2006, was awarded $2,801,937.

28. Prior to the trial of the DeMarco case, on or about August 16, 2006, Travelers filed an Interpleader Complaint in the Rhode Island Superior Court (Providence County) by which it sought to resolve the competing claims of DeMarco, Woscyna, and National Grid.

29. In or about August, 2006, Travelers filed a motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy, while it continued to provide a defense to Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid.

30. DeMarco filed an opposition to Travelers motion in the Interpleader action by which it sought to deposit in court the $1,000,000 limit of the Policy.

31. Without a written opinion, the Superior Court denied Travelers' motion, which was opposed by DeMarco.

32. On November 17, 2006, DeMarco, Woscyna and National Grid agreed to settle their claims against Virginia Transport and Doire.

33. Attached as Exhibit A to this Amended Complaint is a "General Release," drafted by counsel for DeMarco, which states:

> "WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO and CHAYCE DEMARCO . . ., in consideration of the sum of **$550,000 (Five Hundred Fifty Thousand 00/100) Dollars** to be paid by Travelers Indemnity Company of America . . . do hereby remise, release and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP. . . . any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity which against said Releasees said Releasors ever had, now have or in the future may have . . . including without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against the Releasees in the Providence County Superior Court being Civil Action No 04-1171 (the "Litigation") and any verdict or judgment entered in the Litigation.

34. Attached as Exhibit B to this Amended Complaint is a "Release and Settlement of Claim" by which Paul D. Woscyna, Dorothy M. Woscyna and Kristen R Woscyna released Virginia Transportation and Leo H. Doire from any claims and liability arising out of the September 10, 2003 accident in consideration for a payment of $450,000 by Travelers.

35. Attached as Exhibit C to this Amended Complaint is a "Dismissal Stipulation" by which National Grid dismissed its claims against Virginia Transportation and Leo H. Doire arising out of the September 10, 2003 accident.

36. Doire agreed to pay the amount of consideration to settle the claim asserted by National Grid.

37 DeMarco contends that he is entitled to recover additional sums from Travelers, despite the General Release he, his wife and his children provided to Virginia Transportation and Doire.

38. On information and belief, Virginia Transportation and/or Doire contend that they are entitled to recover sums from Travelers because they were financially exposed to liability for sums in excess of the Travelers policy limit.

39. On information and belief, Virginia Transportation and/or Doire assigned to DeMarco certain claims based on the manner in which Travelers defended and settled DeMarco's claims for injuries suffered as a result of the September 10, 2003 accident.

40 Travelers' obligation to defend and indemnify Virginia Transportation and Doire against the claims by DeMarco, Woscyna, and National Grid is limited by the terms and conditions of the Policy, including the Policy limit.

41 The Policy expressly states: "The most we will pay for any one accident or loss [is] $1,000,000."

42. The Policy expressly states: "Our duty to defend or settle [any claim or suit] ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements."

43. Travelers has exhausted the limit of the policy issued to Virginia Transportation by its payment of $1,000,000 to settle the DeMarco and Woscyna claims.

**COUNT I – DECLARATORY RELIEF**

44. Travelers restates the allegations set forth in paragraphs 1-43 above and incorporates them by reference as though fully set forth herein.

45 A justiciable controversy exists between Travelers and the Defendants as to the rights and obligations of Travelers under the Policy.

46. Travelers is entitled to the following declarations:

A. Travelers fully satisfied its contractual duties to Virginia Transportation and Doire under the insurance Policy.

B. Travelers was not required to pay the Policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid.

C. Travelers was not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the Policy's stated limit of $1,000,000.

D. Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any sums he has agreed or may agree to pay DeMarco in connection with for an assignment based on

**WHEREFORE,** Travelers respectfully requests this Court to enter the judicial declarations set forth in paragraph 30 (A-D) above and to enter such other relief as it deems appropriate and just

**TRAVELERS DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**

By its attorneys,

Stephen P. Harten, R.I. Bar I.D. No. 4102
**Ratcliffe Burke Harten & Elias LLP**
1600 Financial Plaza
Providence, RI 02903
401-331-3400
Fax: 401-331-3440

Anthony R. Zelle, BBO No. 548141
Brian P. McDonough, BBO No. 637999
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor

Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

# EXHIBIT A

# GENERAL RELEASE

KNOW ALL MEN, THAT WE, WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO and CHAYCE DEMARCO (collectively, the "Releasors"), in consideration of the sum of **$550,000.00 (Five Hundred Fifty Thousand 00/100) Dollars** to be paid by Travelers Insurance Company of America, and for other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, do hereby remise, release, and forever quit-claim unto said LEO H. DOIRE and VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, their successors and assigns (collectively, the "Releasees"), any and all manners of action, causes of action, debts, dues, claims and demands, both in law and equity which against said Releasees said Releasors ever had, now have, or in the future may have for or by reason or means of any matter or thing from the beginning of the world to the day of the date of these presents including, without limitation, any and all loss, damage or claim arising out of the subject matter of the litigation brought by the Releasors against Releasees in the Providence County Superior Court being Civil Action No. 04-1171 (the "Litigation"), and any verdict or judgment entered in the Litigation.

This General Release shall not in any way be construed, nor is it intended, to release Travelers Insurance Company of America, Travelers Indemnity Company, Travelers St. Paul, Travelers Insurance Company, or any of its affiliates (collectively, "Travelers") from any and all claims that Releasors may have against Travelers in any way arising from the Litigation or any aspect thereof. The same are specifically reserved by Releasors.

THIS GENERAL RELEASE shall be deemed to be made under and shall be governed by and construed and enforced in accordance with the laws of the State of Rhode Island, without reference to conflict of law rules.

WITNESS:

_______________________ WAYNE DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed.

_______________________
Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

_______________________ LEESA DEMARCO, Individually

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed.

_______________________
Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

~~WAYNE DEMARCO and~~
LEESA DEMARCO, as husband and wife

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco and Leesa DeMarco, as husband and wife, executing the foregoing instrument, and they acknowledged said instrument by them executed to be their free act and deed.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

WAYNE DEMARCO, as father and next-friend of BRAEDYN DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, as father and next-friend of Braedyn DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

LEESA DEMARCO, as mother and next-friend of BRAEDYN DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, as mother and next-friend of Braedyn DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

WAYNE DEMARCO, as father and next-friend of CHAYCE DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Wayne DeMarco, as father and next-friend of Chayce DeMarco, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

WITNESS:

LEESA DEMARCO, as mother and next-friend of CHAYCE DEMARCO

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Leesa DeMarco, as mother and next-friend of Chayce DeMarco, to me known and known by me to be the person executing the foregoing instrument, and she acknowledged said instrument by her executed to be her free act and deed in said capacity.

Notary Public
Print Name: Steven DeLuca
My Commission Expires: 7/8/9

G:\Virginia Transportation, Inc\Litigation Matter\Documents\General Release (DeMarco) 111706.doc

# EXHIBIT B

# RELEASE AND SETTLEMENT OF CLAIM

***For The Sole Consideration*** of Four Hundred Fifty Thousand and 00/100 ($450,000.00) Dollars, in hand paid, and allocated as follows:

i. Three Hundred Eighty-Five Thousand and 00/100 ($385,000.00) Dollars to Paul D. Woscyna;

ii. Fifty Thousand and 00/100 ($50,000.00) Dollars to Dorothy M. Woscyna; and

iii. Fifteen Thousand and 00/100 ($15,000.00) Dollars to Kristen R. Woscyna, a minor;

the receipt of which is hereby acknowledged, we PAUL D. WOSCYNA, DOROTHY M WOSCYNA, being over 21 years of age, and KRISTEN R. WOSCYNA, a minor (collectively, the "Releasors"), do hereby release and forever discharge LEO H. DOIRE, VIRGINIA TRANSPORTATION CORP., a Rhode Island corporation, and TRAVELERS INDEMNITY COMPANY OF AMERICA (collectively, the "Releasees"), and all other persons, firms or corporations from any and all claims, demands, rights, actions or causes of action on account of or in any way growing out of any and all claims, loss, damage or injury of any kind including, but not limited to, personal injuries (and consequences thereof, including death, and specifically including, also, any injuries which may exist, but which at this time are unknown and unanticipated and which may develop at some time in the future, and all unforeseen development arising from known injuries) resulting or to result from an accident that occurred on or about September 10, 2003, in Cranston, Rhode Island and as claimed in a civil action entitled *Paul D. Woscyna, et al vs. Leo H. Doire, Jr. and Virginia Transportation Corporation*, filed in the State of Rhode Island Superior Court, Kent County, C.A. No 06-0769, and do hereby

for myself, my heirs, executors, administrators, successors, assigns and next of kin covenant to indemnify and save harmless the said above-named Releasees and said persons, firms or corporations above-referred to, from all claims, demands, costs, and loss of services, expenses, and compensation on account of or in any way growing out of said accidents or its results both to person and property.

***It is expressly understood and agreed that*** the acceptance of the said above amount is in full accord and satisfaction of a disputed claim, and that the payment of the said above amount is not an admission of liability.

We acknowledge and agree that out of the proceeds of this settlement we shall be fully and solely responsible for any and all medical bills, attorney's fees and other claims or liens, noticed or unnoticed, arising out of services rendered to us or sustained by us and their consequent effect resulting from this incident that we shall forever hold harmless said Releasees with respect to any such liens or claims

***In Witness Whereof***, we have hereunto set our hands this 17th day of November, 2006.

WITNESS:

Hector E. Zumbado, Esq.
Attorney for Paul D. Woscyna, Individually and as father and next-friend of Kristen R Woscyna; and as
Attorney for Dorothy M. Woscyna, Individually and as mother and next-friend of Kristen R. Woscyna

[NOTARY CLAUSE ON NEXT PAGE]

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 17th day of November, 2006, before me personally appeared Hector E. Zumbado, as Attorney for Paul D. Woscyna, Individually and as father and next-friend of Kristen R. Woscyna; and as Attorney for Dorothy M. Woscyna, Individually and as mother and next-friend of Kristen R. Woscyna, to me known and known by me to be the person executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed in said capacity.

Notary Public
Print Name: Steven DeLoca
My Commission Expires: 7/8/9

G:\Virginia Transportation, Inc\Litigation Matter\Documents\General Release (Woscyna) 111706 (Atty).doc

# EXHIBIT C

4018842711
NOV-17-2006 17:44 FROM:LAW OFFICE 4018842711 TO:4548755 P.1/1
11/17/2006 17:35 MACADAMS WIECK DELUCA & GEMMA → 8842711 NO. 761

STATE OF RHODE ISLAND
KENT COUNTY

THIRD DIVISION
DISTRICT COURT

| | | |
|---|---|---|
| NATIONAL GRID | : | |
| | : | |
| VS. | : | A. No. 06-1988 |
| | : | |
| VIRGINIA TRANSPORTATION CORPORATION | : | |

**Dismissal Stipulation**

Now come the above parties and hereby agree that the above-entitled matter be dismissed with prejudice.

**National Grid**

By its attorney,

Attorney Judy Assad
Bar # ________

**Virginia Transportation Corporation,**

By its attorneys

Steven P. DeLuca, Esq.
#4114

G:\Virginia Transportation, Inc\Litigation Matter\Documents\Dismissal Stipulation 111:0: oc