B

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

THE TRAVELERS INDEMNITY COMPANY

v.

C.A. NO. 06-4266

WAYNE DEMARCO, LEESA DEMARCO, BRAEDYN DEMARCO (A Minor, by his Parent and Next Friend Leesa DeMarco), CHAYCE DEMARCO (A Minor, by his Parent and Next Friend Leesa DeMarco), PAUL WOSCYNA, NATIONAL GRID USA SERVICE COMPANY, INC., as Successor in Interest to THE NARRAGANSETT ELECTRIC COMPANY, and JOHN DOES I-X

# INTERPLEADER COMPLAINT

## Parties and Jurisdiction

1. The Plaintiff, The Travelers Indemnity Company, is an insurance company authorized to write policies and conduct business in the State of Rhode Island.

2. The Defendant, Wayne DeMarco, upon information and belief, is a resident of the Town of Scituate, County of Providence, State of Rhode Island.

3. The Defendant, Leesa DeMarco, upon information and belief, is a resident of the Town of Scituate, County of Providence, State of Rhode Island and is the wife of the Plaintiff, Wayne DeMarco.

4. The Defendant, Braedyn DeMarco, upon information and belief, is the minor child of the Defendants, Wayne DeMarco and Leesa DeMarco.

5. The Defendant, Chayce DeMarco, upon information and belief, is the minor child of the Defendants, Wayne DeMarco and Leesa DeMarco.

6. The Defendant, Paul Woscyna, upon information and belief, is a resident of Derry, New Hampshire.

7. The Defendant, National Grid USA Service Company, Inc., upon information and belief, is the successor in interest to The Narragansett Electric Company.

8. The Defendants, JOHN DOES I-X, are yet unknown and/or potential claimants against a policy of insurance issued by the Plaintiff, St. Paul Travelers Insurance Company providing coverage to

Leo Doire and Virginia Transportation Corp. in connection with an automobile accident that occurred on or about September 10, 2003 in Cranston, Rhode Island.

9. Jurisdiction of this Interpleader action is proper in the Superior Court in Providence County.

**Allegations**

10. On or about September 10, 2003 Leo Doire was operating a motor vehicle owned by Virginia Transportation Corp. in Cranston, Rhode Island, which motor vehicle was involved in a collision.

11. The Defendants Wayne DeMarco and Paul Woscyna were passengers in said motor vehicle.

12. The Plaintiff issued a policy of insurance providing coverage to Leo Doire and Virginia Transportation Corp. in connection with said collision in the total amount of One Million ($1,000,000.00) dollars.

13. The amount of One Million ($1,000,000.00) dollars is available to satisfy any claims asserted against said policy of insurance in connection with said collision and has been offered to the Defendants.

14. The Defendant, Wayne DeMarco, commenced litigation against Leo Doire and Virginia Transportation Corp., seeking to recover alleged injuries sustained in said collision, entitled Wayne DeMarco, Leesa DeMarco, Individually and as Parent and Next Friend of Braedyn DeMarco, A Minor and Chayce DeMarco, A Minor v. Leo H. Doire, Alias and Virginia Transportation Corp., Alias, Providence Superior Court C.A. No. 04-1171.

15. The Defendants, Leesa DeMarco, and Braedyn DeMarco and Chayce DeMarco, by and through Leesa DeMarco, brought claims for loss of consortium and society against Leo Doire and Virginia Transportation Corp. in the litigation commenced by Wayne DeMarco.

16. The Defendant, Paul Woscyna, upon information and belief has not commenced litigation, but has made a demand for settlement to the Plaintiff.

17. The Defendant, National Grid USA Service Company, Inc., by The Narragansett Electric Company, made a demand for payment for property damage allegedly caused by said collision.

18. There were other passengers in the motor vehicle operated by Leo Doire on September 10, 2003 at the time of the collision, however, upon information and belief, those other passengers have not commenced litigation or otherwise made demand for payment and/or settlement to the Plaintiff in connection with said collision.

19. The amount of claims demanded by the Defendants, in the aggregate, exceeds the available limits of the policy of insurance issued by the Plaintiff to Leo Doire and Virginia Transportation Corp.

20. By reason of these claims, the Plaintiff is in doubt as to how and in what proportion to disburse the amount available under the policy of insurance among the Defendants, if the Defendants are entitled to recovery.

WHEREFORE, the Plaintiff, The Travelers Indemnity Company, respectfully prays that the Defendants be required to interplead and settle between themselves their respective rights to the distribution of funds available under the policy of insurance issued by the Plaintiff, in the total amount of $1,000,000.00, that the Plaintiff be discharged from all liability to any of the Defendants in excess of $1,000,000.00, and that the Plaintiff be awarded its costs, expenses, attorneys fees, and any other relief that this Court deems appropriate.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**
**MICHAEL R. DE LUCA, R.I. BAR NO. 3663, IS DESIGNATED AS TRIAL COUNSEL.**

Plaintiff, The Travelers Indemnity Company,
By its Attorneys:

Michael R. De Luca, # 3663
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 fax