C

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, Sc. SUPERIOR COURT

THE TRAVELERS INDEMNITY COMPANY )
)
)
VS. ) CASE NO: 06-4266
)
WAYNE DeMARCO, ET ALS )

HEARD BEFORE THE HONORABLE STEPHEN FORTUNATO, JR.,
SEPTEMBER 5, 2006

APPEARANCE:

MICHAEL DE LUCA, ESQ., ON BEHALF OF TRAVELERS INDEMNITY COMPANY

MARK DANA, ESQ., ON BEHALF OF THE PLAINTIFF DeMARCOS

ANGEL TAVARES, ESQ., AND HECTOR ZUMBADO, ESQ., ON BEHALF OF THE PLAINTIFF WOSCYNA

JEFFREY PINE, ESQ., ON BEHALF OF VIRGINIA TRANSPORTATION AND LEO DOIRE

PATTI M. AHEARN
COURT REPORTER

# C E R T I F I C A T I O N

I, Patti Ahearn, hereby certify that the succeeding pages 1 through 11, inclusive, are a true and accurate transcript of my stenographic notes.

PATTI M. AHEARN
COURT REPORTER

# I N D E X

WITNESSES:

NONE

# E X H I B I T S

| NO. | DESCRIPTION | FOR ID | FULL |
|---|---|---|---|
| -- | -- | -- | -- |

* * * * * * * * * * * *

SEPTEMBER 5, 2006

THE CLERK: Travelers versus DeMarco, on Page 4, PC/2006-4266.

MR. DeLUCA: Michael De Luca for the plaintiff.

MR. DANA: Mark Dana on behalf of the DeMarcos.

MR. TAVARES: Angel Tavares on behalf of Paul Woscyna. To my left is Attorney Hector Zumbado. I have a motion for pro hac vice.

THE COURT: Have you submitted all the affidavits that he is in good standing?

MR. TAVARES: I have them right here for the Court, your Honor, and with the Court's permission I would like him to be granted permission to address the Court this morning.

THE COURT: Yes, the motion is granted.

MR. TAVARES: Yes, your Honor.

THE COURT: Just give those to the clerk.

MR. PINE: Jeffrey Pine for Virginia Transportation and Leo Doire.

THE COURT: Your clients are who, Mr. Pine?

MR. PINE: Virginia Transportation and Leo Doire, Travelers's insured.

MR. DANA: They are not parties to this.

THE COURT: What is before the Court?

MR. DeLUCA: Before the Court is plaintiffs,

Travelers's Indemnity Company, motion to deposit proceeds into the Treasury of the Court. This is an interpleader action that I filed two or three weeks ago on behalf of the Travelers's Indemnity Company. There are two underlying actions now, as I understand. In the underlying action I represent, along with Mr. Pine, Virginia Transportation and Leo Doire.

Leo Doire was the operator of a motor vehicle on the night of September 10th, 2003. The motor vehicle was owned by a company of which he is the principal. That company is Virginia Transportation. There was some passengers in his vehicle that evening, one of whom is Mr. Paul Woscyna who is represented by Mr. Tavares and Mr. Zumbado, and also Mr. Wayne DeMarco, who is represented by Mr. Dana.

That evening a one-car accident occurred whereby Leo Doire struck an electric pole or telephone pole. The electric company is also a defendant in this interpleader action; however, they've chosen not to be represented here. They made the claim only for the property damage of their telephone pole. That evening at the time of the accident, Wayne DeMarco and Paul Woscyna were seriously injured. They suffered significant injuries. I'm sure the details of which will be provided to you by their attorneys.

Mr. DeMarco and Virginia Transportation carried an insurance policy issued by Travelers' Indemnity Company. That insurance policy has a policy limit of one million dollars. Travelers' Insurance Company or indemnity company has provided to me as counsel for Virginia Transportation and Leo Doire those policy limits; however, the claims of the plaintiffs in the underlying actions, Mr. DeMarco and Mr. Woscyna, along with the claim of the electric company, either singly approached the level of the policy limits or in the aggregate greatly exceed the policy limits, and for that reason the policy limits have been provided to Virginia Transportation and Mr. Leo Doire, and we filed this interpleader action because there is an impasse among the defendants here in the interpleader action and claimants in the underlying actions --

THE COURT: What is --

MR. DeLUCA: -- as to how the funds should be distributed.

THE COURT: What is your position on behalf of the company as to if, let's say, hypothetically, each of the passengers were able to prevail against Mr. Doire, your insured and the owner of the car, each for two million dollars, an aggregate of four million dollars; what is your responsibility at that point in time as you read the

policy?

MR. DeLUCA: I personally, your Honor, as an attorney, both for Virginia Transpiration and Leo Doire, take no position whatsoever in that regard. If that, call it declaratory judgment action, ever takes place or is filed, I'll certainly not be the attorney who represents them.

THE COURT: But you're here today on behalf of Travelers?

MR. DeLUCA: I'm here on behalf of Travelers in the interpleader action, and I might add --

THE COURT: What does Travelers say in answer to my question?

MR. DeLUCA: I don't know, and I'm not involved in that, and I will not be involved in that because of the potential conflict that is involved in that. I'll address that issue briefly because I know that one of the parties here does have an objection to my representing Travelers's here alleging that there is a conflict, and I submit to your Honor that the very nature of an interpleader action is for the plaintiff in the interpleader action and its insures, there is, by the very nature of an interpleader action, there is resolution of conflict. There is no conflict whatsoever.

THE COURT: But, in light of, and I appreciate the

candor of your remarks, but perhaps a declaratory judgment action as to who has what coverage under the policy, assuming liability can be proved and the damages can be proved --

MR. DeLUCA: Well, that would certainly --

THE COURT: Perhaps the declaratory judgment action should precede any interpleader action.

MR. DeLUCA: Well, I don't know that that is true. I think the declaratory judgment action has not ripened yet because there is at the moment no judgment against the Virginia Transportation and Mr. Leo Doire. Once those judgments are obtained, then there is the ground, or, rather, I should say, the coverage, declaratory judgment action over the amount of coverage.

THE COURT: Let me --

MR. DeLUCA: Before we go on, your Honor, my only purpose here today is a motion to deposit the funds into the Registry of the Court. I would like to propose to your Honor an Order that I think addresses all of the concerns of all of the parties involved, my clients Virginia Transportation and Leo Doire, and the claimants to that policy.

THE COURT: What would your proposed Order say?

MR. DeLUCA: I propose, your Honor, that your Honor grant the motion to deposit the funds into the Registry

of the Court, and that the funds be deposited and the Order reflect that no party, no claimants, withdraw any of those funds until a final Order or Judgment of the Court in this interpleader action, after hearing or trial, to determine how the deposited funds are to be divided takes place; or, in the alternative, there be agreement of the parties with appropriate releases provided to Virginia Transportation, Leo Doire, and, of course, the plaintiff, Travelers's Insurance Company, along with, or in the alternative, final judgments in all the underlying cases involving all claimants and all of the defendants in the underlying actions, including the insurance carrier because there is a declaratory judgment action, then the insurance carrier -- final judgment or release must be provided to the insurance carrier, as well. Once those events take place, then at some point the parties can come forward in this case and make --

THE COURT: So, should your proposed Order also say in words to this effect that the deposit of the million dollars into the Registry of the Court does not in any way reflect any judgment by the Court that that is the extent of the liability of Travelers, but, rather, the ultimate liability is left open to a declaratory judgment proceeding involving litigants (A), (B), (C) and (D) at some future time?

MR. DeLUCA: I believe that is the underlying result of the Order I propose, but if the Order specifically states that, then there would be no question. I have no objection to the Order, indeed, stating that which your Honor proposes.

MR. DANA: Mark Dana on behalf of the DeMarcos. Your Honor, Mr. De Luca is correct, my clients, as well as Mr. Woscyna suffered significant injuries that I think will clearly exceed the policy limits in this case. Having said that, I'm ready date certain, September 18th, in front of Judge Procaccini on this matter.

THE COURT: For the trial on the merits?

MR. DANA: Correct. He has already had us in chambers. He's ready to go on the 18th. I'm ready to go on the 18th. My understanding from the other defendants is they just filed suit. To accept what Mr. De Luca is saying, and I get a judgment next week, I don't even believe liability is an issue, but assuming for the sake of argument if I've got $300,000 in specials, 34 percent in interest, I've got a man who almost lost his leg, if I hit, I shouldn't have to wait three or four years, whatever, to get a judgment, and I think that is what the proposed order would state, that we could not withdraw any of these funds from Travelers, and if that is the case, then who am I going after? I'm going after

Mr. Doire personally. How can that not be a conflict on the part of Mr. De Luca? I don't understand that.

What I'm asking the Court is that this motion be denied, that I be allowed to obtain a judgment, that I keep my Asermely issues alive.

We have asked four separate times for the policy limits in this case. The response has been, There are too many claimants. All of these claimants have to be dealt with. That is not my problem, your Honor. So, I think as a result the motion should be denied. I should be allowed to obtain my judgment. Once I obtain my judgment, if it exceeds the one million dollars, then let the Asermely arguments begin.

MR. ZUMBADO: Hector Zumbado for Mr. Woscyna and his family, and thank you for admitting me to your court. I essentially agree with everything that Mr. Dana says. I should say that coming in initially I had no objection to the interpleader, provided that said language like what you've said, that it doesn't limit liability, although the interpleader pleadings did request that, that Travelers be absolved from liability. But, actually, in hearing your questions and the presentations here, it does seem that an interpleader at this point is premature. We don't even know what the parties are entitled to yet. Typically, I would suggest that an

interpleader is more appropriate where the claims have been ascertained and there is just multiple parties to give the funds to. But, here, it is premature, and, actually, in denying it it will not affect any of the rights of Travelers's Insurance Company because if the Order that was going to be entered, that it appears that Mr. De Luca was going to go have no objection to, was an Order that did not limit their liability, so what is the harm in waiting, they are not anymore harmed and it does preserve for the plaintiffs and the merits to pursue whatever remedies there may be available under Asermely versus Allstate.

MR. DeLUCA: Your Honor, the interpleader action itself is not premature. Perhaps the hearing or the trial that this Court will conduct as to how it will divide the proceeds is certainly premature. That will have to wait until after the trial or the resolution of the underlying actions. The only matter before you this morning is whether or not the policy limit funds be deposited into the Court. I would submit the equitable section which is entitled Interpleader provides for deposit, and our rules provide for deposit of the funds into the Registry of the Court to give this Court control over how, at least, those policy funds are then divided amongst the policies. Whether or not the interpleader

hearing or trial takes place is another issue for another day. The only issue before you is whether Travelers will hand the funds to the Court Registry for control by the Court. I believe any of the other concerns are all addressed by your Honor's suggestion and the Order that I proposed.

THE COURT: Mr. Pine, did you wish to say anything?

MR. PINE: Only that I do not object to the motion as filed by Mr. De Luca.

THE COURT: All right. I think at this point in time there are too many loose ends to warrant an interpleader here. Also, one office of an interpleader is to permit a so-called stakeholder to say, in so many words, "Look, I've got the money. I have really no interest in the outcome of the underlying litigation." On the contrary, here, Travelers, has a considerable interest in the outcome of this litigation, and even though counsel here today may not be trial counsel in the forthcoming trial in front of Judge Procaccini or any of the other trials or in the declaratory judgment action; nonetheless, Travelers is going to be present through counsel in each and every one of those hearings and is going to be arguing, undoubtedly, with some vigor against the plaintiffs in the other cases relative to the amount of damages that they are seeking. I don't think that the

office of interpleader is designed for this particular situation now before the Court. Maybe at some later time it would be of some use, but I can't think of any, and, certainly, I can't think of any right now.

Accordingly, the request for an interpleader at this point in time is denied. The Court believes, and plaintiffs probably do as well, that unless some unforeseen headline awaits us in the Wall Street Journal or the business pages of The New York Times, Travelers will probably remain solvent, at least through this litigation. So, the money will be there.

MR. DeLUCA: If I can correct one thing. I, nor did Mr. Pine, make a request to this Court for an interpleader to enter at this time. The only request is that the funds be deposited into the Registry of the Court and they be available to be controlled by the Court once the hearing regarding the entry of an interpleader be had, and that is not until some time in the future.

THE COURT: Well, right now it is denied. Thank you.

*************************