

# Zelle McDonough LLP

Four Longfellow Place
35th Floor
Boston, MA 02114
617-742-6520
617-973-1562 (fax)
www.zelmcd.com

October 30, 2006

***By Email [mwd@dblawri.com]***
***<u>and First Class Mail</u>***

Mark W. Dana, Esq.
D'Amico Burchfield LLP
536 Atwells Avenue
Providence, RI 02909

Dear Mr. Dana:

I have been retained by Travelers Indemnity Company to respond to your letter to Caren Gattinella dated September 29, 2006. In your letter, you contend that conduct of Travelers in connection with the settlement demands of your client, Wayne DeMarco, against Leo Doire and Virginia Transportation Company, "infringes on the fiduciary duty [Travelers] owes to its insureds." I respectfully submit that your contention is legally and factually unfounded.

Travelers issued a liability insurance policy to Virginia Transportation which was in effect on September 10, 2003, when Leo Doire was involved in a collision while driving a truck owned by Virginia Transportation. Mr. DeMarco was a passenger in the car along with Paul Woscyna and three other people. The Travelers policy has a limit of $1,000,000 and among the duties owed by Travelers to Leo Doire and Virginia Transportation, is the duty to "act in the[ir] 'best interests . . . to protect the[m] from excess liability," and to "refrain from acts that demonstrate greater concern for [Travelers'] monetary interest than the financial risk attendant to [Leo Doire and Virginia Transportation's] situation.'" *Asermely* v. *Allstate Ins. Co.*, 728 A.2d 461, 464 (R.I. 1999), quoting *Medical Malpractice Joint Underwriting Ass'n of R.I.* v. *R.I. Insurers' Insolvency Fund*, 703 A.2d 1097, 1102 (R.I. 1997). Mindful of this duty, from the time it was first notified of the potential claims against its insureds, Travelers sought to settle the claims in a manner that would protect its insured from excess liability.

Your explicit recognition that Travelers could not independently settle with one of the claimants without exposing Mr. Doire and Virginia Transportation to excess liability, and your implicit understanding that Travelers had no duty to settle Mr. DeMarco's claim for $1,000,000, is expressed in your letter dated February 7, 2005 to Michael DeLuca. In this letter, you informed Mr. DeLuca, the attorney retained by Travelers to defend Mr. Doire and Virginia Transportation against the claims asserted by both your client and another passenger, Paul D. Woscyna, resulting from the accident of September 10, 2003,

that you were aware of the settlement demand submitted by Mr. Woscyna's counsel in the amount of $829,747. You also requested that Mr. DeLuca advise Travelers that your client "was not yet done treating," had "medical bills five (5) times the amount of Mr. Woscyna's," and that a settlement of Mr. Woscyna's claim should not be pursued until "Mr. DeMarco's claim is ready to be resolved."

Moreover, in writing this letter to protect the interests of your client through preservation of the funds available under the Travelers' policy, you acknowledged that it was premature for Travelers to consider any settlement. While there is no factual basis for the assertion in your letter that "Travelers appears to have a company policy of delaying potential settlements based on the premise that there are multiple claimants," it is disingenuous for you to criticize Travelers for its decision (based on its duty to protect its insureds against excess liability) to try to settle both claims against its insureds, collectively. That is precisely what you suggested ought to be done in your letter of February 7, 2005, to Mr. DeLuca.

The case cited in your letter, *The Travelers Indemnity* v. *CITGO Petroleum Corp.*, 166 F.3d 761 (5th Cir. 1999), does not support your contention that Travelers acted in bad faith; however, it is instructive. In *CITGO*, the Fifth Circuit Court of Appeals applied Texas law, which holds: "an insurer is free to favor a claim by one claimant over a claim by another claimant . . . even though the result is to leave the insured exposed to another claim." *CITGO* at 764-65, citing *Texas Farmers Ins. Co. v. Soriano*, 881 S.W.2d 312, 315 (for the latter proposition). This Texas law stands in stark contrast to Rhode Island law, which places the insurer's fiduciary duty to its insureds paramount to the interests of competing third party claimants. The *CITGO* case also undermines the assertion in your letter of February 7, 2005, that Travelers should not give priority treatment to Mr. Woscyna's claim, where it would reduce the limit of the policy available to cover Mr. DeMarco's claim.

From the time Travelers first learned of Mr. Doire's accident, which created a potential for liability in excess of the Travelers policy limit, Travelers has complied with the fiduciary duty it owes to Mr. Doire and Virginia Transportation. Although you contend that Travelers should have paid its $1,000,000 policy limit to settle Mr. DeMarco's claim, that payment would have exhausted the policy and would have placed Mr. Doire and Virginia Transportation in a position where they would bear the significant financial exposure presented by Mr. Woscyna's claim. Even though Travelers' own financial interests would have been advanced by paying the policy limits to settle Mr. DeMarco's claim, as you now contend it should have done, Travelers has refused, and will continue to refuse, any demand that could even remotely be construed to reflect a "greater concern for [its] monetary interest than the financial risk attendant to [its] insureds' situation."

*Asermely* is the guiding law by which Travelers has made its decisions, and by which it will continue to make its decisions.

Finally, your letter confirms that Travelers made its policy limit of $1,000,000 available to settle Mr. DeMarco's claim and Mr. Woscyna's claim. It also confirms that Mr. DeMarco refused to accept anything less than $1,000,000. Travelers could not accept your client's demand because it would have left Mr. Doire and Virginia Transportation unprotected against Mr. Woscyna's claim. Not only would Mr. Doire and Virginia Transportation be financially exposed to settle or pay any judgment obtained by Mr. Woscyna, they would be exposed to the substantial costs of defending that claim.

In the interest of its insureds, Mr. Doire and Virginia Transportation, Travelers requests that you agree to stay the entry of final judgment in Mr. DeMarco's case for a short period of time to permit another attempt to achieve resolution through mediation. As you noted in your letter, the entry of that judgment will exacerbate the financial difficulties Mr. Doire and Virginia Transportation are presently facing. Thus, there is a benefit to your client to staying the entry of judgment, as the potential for a contribution to a settlement by Mr. Doire and Virginia Transportation will likely be extinguished if Mr. DeMarco's judgment forces them into bankruptcy.

I hope that you will work with Travelers and its insureds in an effort to bring Mr. DeMarco's claim to a final resolution.

Very truly yours,

Anthony R. Zelle

Anthony R. Zelle

Cc: Jeffrey B. Pine, Esq. (by email)
Stephen P. DeLuca, Esq. (by email)
Caren Gattinella (by email)