**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, JR., and WAYNE DEMARCO,<br><br>Defendants. | **Civil Action No.: 06-488S** |

**THE TRAVELERS INDEMNITY COMPANY'S**
**STATEMENT OF ELEMENTS OF PROOF**

Pursuant to the Court's Notice of December 13, 2006, plaintiff, The Travelers Indemnity Company ("Travelers"), respectfully submits this Statement of the elements of proof relating to its declaratory judgment action. In this action, Travelers seeks the following declaratory relief:

1. Travelers fully satisfied its contractual duties to Virginia Transportation and Doire under the insurance policy.

2. Travelers was not required to pay the policy limit of $1,000,000 to DeMarco, where that payment would have left Virginia Transportation and Doire uninsured against the claims by Woscyna and National Grid.

3. Travelers was not required to pay any sums to DeMarco, Woscyna, or National Grid in excess of the Policy's stated limit of $1,000,000.

4. Travelers is not required to indemnify or to pay Virginia Transportation or Doire for any sums he has agreed or may agree to pay DeMarco.

To establish that it is entitled to such relief, Travelers need only show that it satisfied its contractual obligations to Virginia Transportation and Doire based on the terms and conditions of

the insurance policy. Travelers will adduce evidence that demonstrates:

A. Travelers issued an insurance policy to Virginia Transportation which had a policy limit of $1,0000,000 applicable to claims asserted against Virginia Transportation (and other protected persons).

B. Travelers provided a defense to Virginia Transportation and Doire in connection with the lawsuits filed against them by Wayne DeMarco, Paul Woscyna and National Grid USA Service Company, Inc., which sought damages for injuries arising out of Doire's alleged negligent operation of a motor vehicle.

C. Prior to trial, Travelers offered the full $1,000,000 limit to settle the claims of Wayne DeMarco, Paul Woscyna and National Grid USA Service Company, Inc.

D. Prior to trial Travelers offered $550,000 to DeMarco and $450,000 to Woscyna to settle their respective claims. Woscyna agreed to accept $450,000, but DeMarco refused to accept $550,000.

E. Prior to the trial of his claims, DeMarco never made a demand of less than $1,000,000.

F. On the first day of trial, DeMarco rejected an offer of $700,000, which included a contribution of $550,000 by Travelers and a contribution of $150,000 by Doire.

G. After trial, which resulted in a verdict in favor of DeMarco and an award of more than $2.7 million (including interest), DeMarco settled his claim and provided Doire and Virginia Transportation with a full and complete release in exchange for a payment by Travelers of $550,000.

H. The DeMarcos executed a General Release relinquishing all claims they "ever had, now have, or in the future may have against Doire and Virginia" in "consideration of the sum of $550,000 paid by Travelers."

Under *Asermely v. Allstate Ins. Co.*, 728 A.2d 461 (R.I. 1991), an insurer may be held liable for sums awarded against its policyholder, if the insurer had an opportunity to preclude any exposure to the policyholder in excess of the policy limit and failed to take advantage of that opportunity. *Id.* at 464. In this case, it is the defendants' burden to establish that Travelers had an opportunity to preclude any liability on the part of Doire and Virginia Transportation in excess of the policy limit, that Travelers failed to take advantage of that opportunity, and that as a result of Travelers' failure to settle the claims against them, Doire and Virginia Transportation sustained some injury. *Id.* at 465.

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY OF AMERICA,**

By its attorneys,

/s/ Stephen P. Harten
Stephen P. Harten, R.I. Bar I.D. No. 4102
**Ratcliffe Burke Harten & Elias, LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Anthony R. Zelle, BBO No. 548141
(Pro Hac Vice Application to be Filed)
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

Dated: December 29, 2006

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on December 29, 2006.

/s/ Stephen P. Harten
Stephen P. Harten