UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>VIRGINIA TRANSPORTATION CORPORATION, LEO H. DOIRE, JR., and WAYNE DEMARCO,<br><br>Defendants. | Civil Action No.: 06-488S |

**THE TRAVELERS INDEMNITY COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The Travelers Indemnity Company (hereinafter "Travelers") respectfully submits this Memorandum of Law in opposition to Defendants' Motion to Dismiss or, in the Alterative, to Stay the Proceedings. Defendants Virginia Transportation Corporation, Leo H. Doire, Jr. and Wayne DeMarco (collectively referred to as DeMarco, the real party in interest) do not claim there is any legal basis, under Fed. R. Civ. P. 12, for the dismissal of this action. Rather, DeMarco contends the case should be dismissed or stayed based on the abstention doctrine. DeMarco's motion to dismiss should be denied because the facts and legal argument presented do not demonstrate that the issues raised in this declaratory judgment action can better be settled in the later-filed action commenced by DeMarco. *See Standard Fire Ins. Co. v. Gordon,* 376 F. Supp. 2d 218 (D.R.I. 2005); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

## OPERATIVE FACTS

DeMarco's "Facts and Travel" section of his memorandum purports to present a history of the litigation filed by DeMarco against Travelers' insured, Virginia Transportation Corporation, and its owner, Leo Doire. These factual assertions, unsupported by affidavits or any other admissible form of evidence, are immaterial to the abstention argument presented later in the memorandum. Moreover, the history of the claim against Virginia Transportation and Doire that is proffered by DeMarco omits the two salient facts: (1) DeMarco's claim against Virginia Transportation and Doire was settled through a payment by Travelers to DeMarco in exchange for a release by DeMarco of Virginia Transportation and Doire;[1] and (2) prior to that settlement, and prior to the commencement of the present lawsuit, an actual, justiciable controversy existed between Travelers, on the one hand, and Virginia Transportation, Doire and DeMarco, on the other. This actual justiciable controversy was created by the allegations and demands presented to Travelers in a September 22, 2006 letter from Jeffrey Pine, counsel for Virginia Transportation and Doire, and in a letter dated September 29, 2006, from Mark Dana, counsel for DeMarco.[2] Mr. Pine alleged: "Travelers has failed to live up to its fiduciary obligation to act in the best interests of its insured, in order to protect its insured from excess liability." *See Ex. 2.* Mr. Pine also claimed: "Travelers bears the responsibility for the payment of this [$2.7 million] judgment." *Id.* Counsel for DeMarco claimed: "there was no reasonable basis for Travelers to proceed" in the manner it did in handling the claim against Doire and Virginia Transportation. *See Ex. 3.* Counsel for DeMarco further claimed: because "Travelers did so to comply with a company policy that infringes on the fiduciary duty it owes to its insureds . . . . the facts outlined in this letter could likely result in one of the largest bad faith

[1] A true and accurate copy of this Release is attached as Exhibit 1.
[2] True and accurate copies of these letters are attached as Exhibits 2 and 3.

claims in the United States . . . ." *Id.*

On November 7, 2006, Travelers filed the present action to obtain a judicial declaration of its rights in connection with the allegations and demands presented in the letter from Mr. Pine and the letter from counsel for DeMarco. On November 22, 2006, DeMarco filed a parallel action in state court, which was removed to this Court on December 13, 2006 and was docketed as Civil Action No. 06-0539.[3]

## ARGUMENT

### I. THIS COURT SHOULD PROCEED WITH THE ADJUDICATION OF TRAVELERS' DECLARATORY JUDGMENT ACTION BECAUSE THE CLAIMS PRESENTED CANNOT BETTER BE SETTLED IN THE SUBSEQUENTLY FILED PROCEEDING INITIATED BY DEFENDANTS.

DeMarco relies primarily on three cases to supports his motion to dismiss. However, neither *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), *Standard Fire Ins. Co. v. Gordon,* 376 F. Supp. 2d 218 (D.R.I. 2005), nor *Nortek, Inc. v. Molnar*, 36 F. Supp. 2d 63, 69 (D.R.I. 1999), supports DeMarco's contention that this Court should abstain from exercising its jurisdiction over this declaratory judgment action. *Wilton* deals with the scope of discretion conferred upon a district court in exercising jurisdiction over declaratory judgment actions. The Supreme Court held that "distinct features of the Declaratory Judgment Act, 28 U.S.C. 2201(a) . . . justify vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone*." *Wilton*, 515 U.S. at 286. In *Wilton*, the Supreme Court reaffirmed the standard it established in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) for the district courts in the exercise of their discretion to adjudicate declaratory judgment actions:

---

[3] After DeMarco's later-filed parallel action was removed to this Court, DeMarco filed a motion for remand. If this Court dismisses that motion, DeMarco's present motion to dismiss will be moot as this Court will be proceeding with the adjudication of the issues presented in one case or the other, or in a consolidated case.

> The question for a district court presented with a suit under the Declaratory Judgment Act . . . is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can ***better*** be settled in the proceeding pending in the state court."

*Id.* at 283 (quoting *Brillhart*, 316 U.S. at 495) (emphasis added). In the present case, DeMarco has not, and cannot, establish that the questions presented in this case "can better be settled" in the parallel action, which was filed only after DeMarco's counsel learned of the present action.[4]

In *Standard Fire*, this Court denied the defendants' abstention motion because it concluded that the questions in controversy could not better be settled in the proceeding pending in the state court. This Court determined that "considerations of practicality and wise judicial administration weigh in favor or adjudication of [the plaintiff insurance company's] declaratory judgment action." 376 F. Supp. at 233. The same determination is required in the present case. While it noted in its decision in *Standard Fire* that, "this Court's decision necessarily deprives [the tort claimant] of litigating solely in her choice of forum," *id.*, this Court nevertheless held: "the declaratory judgment rule, Fed. R. Civ. P. 57, states that an action can be maintained despite the 'existence of another adequate remedy.'" *Id.* at 234.

Like the defendant in *Standard Fire*, DeMarco "'points to no harm or prejudice' that will befall [him] should this Court decline to dismiss [Travelers'] claim." 376 F. Supp. at 234 (quoting *Metro. Prop. & Liab. Ins. Co. v. Kirkwood*, 729 F.2d 61, 64 (1st Cir. 1984)). This Court's observation in *Standard Fire* that "the increased costs of conducting discovery in two

[4] DeMarco contends that the Travelers' commencement of an interpleader action before the trial of the underlying tort action is also a parallel case. This interpleader action was rendered moot by Travelers' exhaustion of it policy limit through payments it made in settlement of the claims against Doire and Virginia Transportation by DeMarco and by the other claimant, Woscyna. Thus, it has no bearing on this Court's determination of whether to exercise its jurisdiction over the subject declaratory judgment action. DeMarco's discussion of the interpleader action is part of a lengthy section of his memorandum in which he reviews the factors applied by this Court in *Standard Fire* to determine whether the state and federal court cases which framed this Court's analysis in that decision were "parallel proceedings." This entire section of DeMarco's brief is meaningless in the present case, because there is no dispute that the proceedings in the present case and the later-filed case commenced by DeMarco are parallel. This is the predicate for the application of the "first-filed rule," which DeMarco blithely ignores.

civil actions as opposed to one" was not sufficient harm or prejudice to alter its conclusion, stands in stark contrast to the fact that it was DeMarco's filing of a state court action that has entangled the parties and this Court in a costly and time-consuming forum battle. 376 F. Supp. at 234.

Another factor in the present case tips the balance further against abstention than did the facts in *Standard Fire*. In the present case, DeMarco's later-filed state court action, which has since been removed to this Court, was seemingly filed for the sole purpose of avoiding this Court's determination of the parties' respective rights in connection with the insurance policy issued by Travelers to Virginia Transportation. DeMarco offers no explanation for commencing that action in state court in either the memorandum submitted in support of his motion to dismiss or in the memorandum submitted in support of his motion to remand that later-filed action. DeMarco could have filed a counterclaim against Travelers in the present action and also could have filed third-party claims against the other defendants named in his state court complaint. *See Baker v. Westin Rio Mar Beach Resort, Inc.*, 194 F.R.D. 393, 397 (D.P.R. 2000) (a federal court may exercise ancillary jurisdiction over non-diverse parties added as third-party defendants) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65-67 n.1 (1996)); *City of Worcester v. HCA Mgmt. Co. Inc.*, 753 F. Supp. 31, 36 (D. Mass. 1990) (same) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)).

In *Nortek, Inc. v. Molnar*, 36 F. Supp. 2d 63, 69 (D.R.I. 1999), this Court recognized the well-established rule that "[w]here two suits involve the same issues and truly create duplicate litigation, the first-filed suit is generally preferred." Citing *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996); *SW Indus., Inc. v. Aetna Cas. & Sur. Co.*, 653 F. Supp. 631, 634 (D.R.I. 1987). The current forum battle is framed by the present action first filed by

Travelers, on November 7, 2006, and the action subsequently filed by DeMarco in state court on November 22, 2006, the same day DeMarco's counsel received a copy of the complaint in this action. *See DeMarco's Memorandum, p. 12.*

In *Nortek*, this Court also recognized the "two long-accepted exceptions to the first-filed rule." *Id.* at 69. "[T]he forum where an action is first filed is given priority over subsequent actions, unless there is 'a showing of balance of convenience in favor of the second action' or there are special circumstances which justify giving priority to the second." *Id.* at 69-70 (citing *SW Indus.*, 653 F. Supp. at 634). In the present case, there are no "convenience factors" to be balanced, because both cases are pending in Rhode Island. Consequently, the only argument DeMarco presents to support the assertion that the present action should be displaced by his later-filed action is based on his allegation that Travelers "engaged in pre-suit conduct that mislead [*sic*] the defendant to believe that litigation was not imminent." Although both DeMarco's counsel and counsel for Virginia Transportation and Doire had informed Travelers of their intent to pursue an "*Asermely*"[5] claim against Travelers in September 2006, DeMarco's counsel apparently assumed that Travelers would not seek a judicial determination of its rights in connection with those claims because, following the verdict on September 22, 2006, Travelers was working to settle DeMarco's claims against Virginia Transportation and Doire Thus, DeMarco alleges that Travelers "manipulated the parties in the DeMarco [underlying tort] litigation to forestall the entry of judgment to buy additional time to prepare and file the federal court Complaint." *See DeMarco Mem., p. 20.*

DeMarco's contention is untenable. As an initial matter, it was not Travelers, or Travelers' counsel, that requested the stay of entry of judgment in the underlying tort action. The stay was requested by Jeffrey Pine, independent counsel retained by Virginia Transportation

[5] *Asermely v. Allstate Ins. Co.*, 728 A.2d 461 (R.I. 1999)

and Leo Doire.[6] Moreover, the express purpose of the stay, as explained to the court by Mr. Pine, was to prevent "irreparable harm to Mr. Doire and Virginia Transportation." Mr. Pine informed the court that Mr. Doire and Virginia Transportation were "looking for a little bit of a window of time to continue discussions with the parties in the case of Travelers as well as Virginia Transport as well as the Doires [and] also with the financial institutions [whose credit was required to maintain Virginia Transportation's business] . . . ." *See Ex. 4, p. 20.* In connection with Mr. Pine's request for the stay of the entry of judgment, DeMarco's counsel, Mr. Dana, acknowledged to the court that "Mr. Pine did indicate to me outside [before the hearing] that he was going to be asking for this [stay]." *See Ex.4, pp. 20-21.* The court acknowledged the stay as "a reasonable request" and a "balance of everyone's interests." *Id.* at 21. There is no dispute that Travelers also recognized the benefit of the stay. Nor can there be any dispute that the "little bit of a window of time," afforded by the stay enabled Travelers to reach a settlement with the DeMarcos that completely protected Virginia Transportation and Doire against any liability for the amount of the judgment that exceeded the Travelers policy limit. Following the settlement, the court in the underlying case issued an order reflecting that the "judgment is satisfied in full."[7]

DeMarco's assumption that Mr. Pine's request for a stay was the product of a plot by Travelers "to buy additional time to prepare and file the federal court Complaint" is also insupportable. As of October 30, 2006, the date the stay was requested and allowed, no additional time was needed for Travelers to prepare and file a declaratory judgment action. The actual, justiciable controversy on which the present declaratory judgment action is based ripened

[6] A true and accurate copy of the state court's Hearing Transcript reflecting Mr. Pine's request, on behalf of Virginia Transportation and Doire, for a stay of the entry of judgment, is attached as Exhibit 4, see pp. 19-24.
[7] A true and accurate copy of the Superior Court's Order of January 3, 2007 is attached as Exhibit 5

more than six weeks earlier.[8] On September 22, 2006, counsel for Travelers' insured, Virginia Transportation, claimed: "Travelers has failed to live up to its fiduciary obligation to act in the best interests of its insured, in order to protect its insured from excess liability . . . Travelers bears the responsibility for the payment of this [$2.7 million] judgment [resulting from the underlying tort claim]." *See Ex. 2.* The fact that Travelers worked diligently with its insured after the October 30, 2006 hearing to reach a settlement with the DeMarcos (and with the other parties that had sued Doire and Virginia Transportation) is a reflection of Travelers' commitment to protect its insureds against any exposure in excess of the $1,000,000 policy limit. That Travelers concurrently filed the present declaratory judgment was not "surreptitious" or "manipulative" (as alleged at pp. 9 and 20 of DeMarco's Memorandum). To the contrary, it was a prudent legal response to the claims asserted by Mr. Pine and by counsel representing the DeMarcos. Moreover, Travelers' decision to hold off on the service of the declaratory judgment complaint was not only sensible, it was a matter of critical import to Virginia Transportation and Doire. As intimated by DeMarco's own arguments, if Travelers had served the complaint, it would have "blown-up" the mediation, which led to the settlement and release of the claims asserted by the DeMarcos against Virginia Transportation and Doire.

There is no merit in DeMarco's argument that the post-trial efforts of Travelers to protect the interests of its insureds are analogous to the improper conduct by the plaintiff in *Nortek*. In *Nortek*, the court found that plaintiff filed its declaratory judgment action after its general counsel promised counsel for the defendant that he would call him back to engage in further settlement discussions. Nortek's general counsel did not honor this promise. 36 F. Supp. 2d at 65-66. In the present case, DeMarco states that Travelers encouraged mediation, took the lead in

[8] *See Providence Journal Co. v. Travelers Indem. Co.*, 938 F. Supp 1066, 1079-80 (D.R.I. 1996) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)) for meaning of "case of actual controversy."

setting up the mediation and agreed to pay the entire cost of the mediation. There can be no legitimate dispute that through the mediation promoted by Travelers, the parties achieved a settlement that resulted in a release of the claims asserted by the DeMarcos against Virginia Transportation and Doire, as well as the claims asserted by the other parties who had sued them. In stark contrast to the conclusion reached by this Court in *Nortek*, the efforts by Travelers after October 30, 2006, which led to the successful resolution of all of the claims against Virginia Transportation and Doire, do not support the conclusion that Travelers "shopped for a forum and bought [it]self time" by misleading DeMarco about its interest in settlement. *Id.* at 70. Without substantial evidence of bad faith and misrepresentation, it is "inappropriate to deny the plaintiff the benefit of the first-filed rule." *TransCanada Power Mktg., Ltd. v. Narragansett Elec. Co.*, 402 F. Supp. 2d 343, 350 (D. Mass. 2005).

In *TransCanada*, the Massachusetts District Court rejected the very argument DeMarco makes in the present case and the court's reasoning lays bare the argument's infirmity. In *TransCanada*, the defendant, Narragansett, argued that "TransCanada 'lured it into a false sense of security by engaging in' settlement negotiations and then rac[ed] to the courthouse steps." *Id.* at 348. The court noted that "According to Narragansett, the mere fact that negotiations were ongoing is a 'special circumstance' justifying an exception to the first filed rule." *Id.* at 349. In the present case, DeMarco offers no more. In rejecting Narragansett's argument, the court explained that Naragansett's logic is flawed because it "implies that once a party begins negotiations, it must see them through to impasse or settlement - or otherwise its lawsuit may be adjudged an 'ambush' and to thereby be refused the benefit of the first-filed rule." The court found that without substantial evidence of bad faith and misrepresentation, it was "inappropriate to deny the plaintiff the benefit of the first-filed rule." *Id.* at 350. The *TransCanada* decision

expressly distinguished the facts presented there from those presented in *Nortek*, because that case "involved substantial evidence (though no actual findings) of both bad faith and misrepresentations" and, in *Davox Corp. v. Digital Systems, Inc.*, 846 F. Supp. 144, 148 (D. Mass. 1993), where the court found that the first-filing plaintiff "'perhaps' misled [defendant] into believing it would not be prejudiced by" its decision to defer filing first. *TransCanada,* 402 F. Supp. 2d at 350 n.10. In the present case, like the defendant in *TransCanada* and unlike the defendants in *Nortek* and *Davox*, DeMarco has not, and cannot, present this Court with any evidence of bad faith or of a misrepresentation on the part of Travelers.

*Biogen, Inc. v. Schering AG,* 954 F. Supp. 391 (D. Mass. 1996), provides further support for rejecting DeMarco's motion to dismiss. In *Biogen*, the court considered facts analogous to those presented here. Biogen filed suit in federal court in Massachusetts "because it expected that Berlex [one of the parties it named as a defendant] would sue it . . . and [Biogen] wanted to conduct any litigation in Massachusetts." *Id.* at 394. "However, no attempt to serve any of the defendants was made at that time." *Id.* "Biogen did not immediately attempt to serve its complaint . . . because if its assumption that Berlex would sue proved to be incorrect, Biogen preferred not to litigate at all." *Id.* Biogen then met with the defendants to attempt to resolve the then-pending suit. *Id.* The dispute was not resolved, Berlex filed a claim against Biogen in federal court in New Jersey and Biogen served the complaint it had previously filed in Massachusetts. *Id.* at 394. In its motion to dismiss, Berlex argued that if the Massachusetts court exercised its jurisdiction, "it would reward inequitable behavior by Biogen in filing suit in the midst of ongoing negotiations and then concealing the existence of that suit 'solely for the tactical purpose of forum shopping.'" *Id.* at 397 (citing Berlex Memo., p. 18). The court rejected this argument. Beginning with the rule that "there must be sound reasons that would

make it unjust or inefficient to continue the first-filed action," the court held: "the facts are insufficient to overcome the presumption in favor of the forum of the first-filed case." *Id.* at 398 (citing *Genentech, Inc. v. Eli Lilly*, 998 F.2d 931, 937-38 (Fed. Cir. 1989)); *Kahn v. General Motors*, 889 F.2d 1078, 1081 (Fed. Cir. 1989).

The analogous facts in the present case support the same conclusion, as reflected by the substitution of "Travelers" for "Biogen" and the correlating apposite dates in the *Biogen* court's rationale:

> [Travelers] had a proper basis for bringing its suit [on November 7, 2006]. Its decision to defer serving it, despite its reasonable apprehension to that defendants would bring their own suit and probable understanding that [its] claim to the priority of the first-filed forum would be eroded [if] its action was not the first served, actually minimized the risk of unnecessary litigation; if [Travelers] prediction [that it would be sued by DeMarco as assignee of Virginia Transportation and Doire] was not prophetic and it was never sued, it could have declined to serve it complaint, and litigation would have been averted. . . . While defendants' irritation at not being informed at the [November 17, 2006 mediation] that this suit had been filed is understandable, this is not a factor that is sufficiently serious to justify penalizing [Travelers] for its restraint in pursuing litigation by deferring service of its complaint. In the instant case, [Travelers] did not agree to the [November 17, 2006 mediation] for the purpose of lulling defendants into delaying suit so [Travelers] could sue first . . . . It is clear that either party could have filed suit immediately after [September 22, 2006] . . . Defendant [DeMarco] did not do so for another [two months]. Had Travelers filed or served the instant case on September 23, 2006, the motion to dismiss would obviously be without merit.

Travelers did not react to the threats contained in the Pine and Dana letters by "literally sprinting to the courthouse the same day." *Feinstein v. Brown*, 304 F. Supp. 2d 279, 283 (D.R.I. 2004) (quoting *The Holmes Group, Inc. v. Hamilton Beach/Procter Silex, Inc.*, 249 F. Supp. 2d 12, 16 (D. Mass. 2002)). Rather, Travelers prudently filed its claim for declaratory relief and concurrently promoted mediation to protect the interests of its insureds, Doire and Virginia Transportation. Though DeMarco's Memorandum in Support of its Motion to Dismiss is replete with *ad hominum* attacks on Travelers' counsel, it is devoid of any evidence of improper motive,

bad faith, or any misrepresentation on the part of Travelers. Accordingly, the motion to dismiss should be denied.

## II. THERE IS NO COMPELLING ISSUE OF STATE LAW PRESENTED THAT WEIGHS AGAINST THIS COURT'S EXERCISING ITS JURISDICTION OVER THIS CASE.

DeMarco claims that "novel, unsettled, difficult, complex or otherwise problematic" issues of state law are presented by this case and that this factor weighs in favor of abstention. However, Demarco does not cogently explain what those issues are, or why they are "novel, unsettled, difficult, complex or otherwise problematic." In this case, the only issue presented is relatively simple and straightforward: does Travelers have any further obligation to Doire or Virginia Transportation where it has paid the limits of its insurance policy in settlement of the claims against them and has obtained for them a release of all claims? DeMarco concedes that the issues presented in this case and those raised in its subsequently filed action "requir[e] a resolution of common questions of fact [and] . . . are indeed parallel." *DeMarco Mem., p. 16.* According to DeMarco:

> These issues include (i) whether Travelers breached its insurance contract with Virginia and acted in bad faith; (ii) whether Travelers is obligated to pay the judgment on the verdict above and beyond its policy limit pursuant to the Rhode Island Supreme Court's *Asermely* doctrine; (3) whether Travelers is obligated to indemnify or pay any claims based on the assignment to DeMarco; (3) whether appointed counsel committed legal malpractice in the defense of Virginia; (4) whether Travelers has a legal obligation to pay prejudgment interest on the verdict above its policy limit pursuant to R.I. Gen. Laws § 27-7-2.2; and (4) whether the Rhode Island Supreme Court's *Asermely* doctrine should be extended to allow a third party to assert an *Asermely* claim in the absence of an assignment of rights from the insured.

*DeMarco Mem., p. 17.*

The first five issues identified by DeMarco (numbered i, ii, 3, 3, 4, and 4) are merely parts of the larger issue presented, whether Travelers has any further duty to its insureds where it

has settled the claims against them and has fully extinguished their liability to all of the claimants. The last legal claim articulated by DeMarco is, by his own admission, one which is not recognized by existing state law. Thus, it does not present any "novel, unsettled, difficult, complex or otherwise problematic" issues. The core issue presented by the dispute between Travelers and the defendants involves Travelers' contractual duty to defend and indemnify Virginia Transportation and Doire and, as this Court stated in *Standard Fire*, "the judges of this district have routinely addressed the issues raised by Standard's declaratory judgment action, including an insurer's duty to defend and indemnify under Rhode Island law." 376 F. Supp. at 231 (citation omitted).

While the *Asermely* rule should not even come into play, because all of the claims against Virginia Transportation have been released and the Superior Court presiding over DeMarco's underlying action has entered an order stating that the "judgment entered in favor of plaintiffs on September 22, 2006, plus the taxed costs of $5,879.32 [] is satisfied in full," (*see Ex. 5*) if it does, this federal court is as "equally capable" as a state court in "applying appropriate state or federal law." *Holmes Group,* 249 F. Supp. 2d at 18 (citing *Nowak v. Tak How Invest., Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996)). Rhode Island's United States District Court judges have "routinely addressed" insurance coverage issues raised by insurers. *Standard Fire,* 376 F. Supp. 2d at 231.

## CONCLUSION

Although DeMarco's efforts to avoid this Court's jurisdiction has entangled the parties and this Court in a costly and time-consuming forum battle, DeMarco has failed to articulate any basis for this Court to dismiss the present action. Accordingly, for the reasons set forth above, Travelers respectfully requests this Court deny defendants' Motion to Dismiss.

Respectfully submitted,

**THE TRAVELERS INDEMNITY COMPANY,**
By its attorneys,

/s/ Stephen P. Harten
Stephen P. Harten, R.I. Bar I.D. No. 4102
**RATCLIFFE BURKE HARTEN & ELIAS, LLP**
1600 Financial Plaza
Providence, RI 02903
Tel: (401) 331-3400
Fax: (401) 331-3440

Anthony R. Zelle, BBO No. 548141
**ZELLE MCDONOUGH LLP**
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel: (617) 742-6520
Fax: (617) 973-1562

Dated: January 5, 2007

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as nonregistered participants on January 5, 2007.

/s/ Stephen P. Harten
Stephen P. Harten