# EXHIBIT 2

LAW OFFICES OF
JEFFREY B. PINE ESQ.
A PROFESSIONAL CORPORATION

* Jeffrey B. Pine
*Attorney General 1993-1999*

*Of Counsel*
* Harris K. Weiner
Stephen J. Ryan

321 South Main Street, Suite 302, Providence, RI 02903
TELEPHONE 401.351.8200 FAX 401.351.9032
www.pinelaw.com

* *Admitted in Rhode Island and Massachusetts*

September 22, 2006

BOSTON CLAIM SEP 25

Ms. Caren Gattinella
Director, Travelers Property and Casualty
44 Bedford St.
PO Box 111
Middleboro, MA 02344

**Re: Wayne DeMarco et. al. v. Leo H. Doire et. al. CA No. 04-1171**

Dear Ms. Gatinella:

I am writing at this time in followup to my request that Travelers reexamine its position with respect to paying the judgment entered in the above matter. It is Mr. Doire's position that Travelers bears responsibility for the judgment, and that Travelers has failed to live up to its fiduciary obligation to act in the best interests of its insured in order to protect its insured from excess liability.

There is no dispute that the plaintiff first made a demand to settle within the policy limits on or about February 2, 2004, and thereafter on February 25, 2004, February 7, 2005 and August 23, 2006. It is also without dispute that no offer or meaningful response from Travelers occurred within a reasonable time, and in fact was not forthcoming until July 11, 2006, two and a half years later, at which time Mr. Deluca offered the policy limit to be divided between the two claimants. An interpleader action was thereafter filed in August 2006, seeking to deposit the funds the registry of the court for distribution between the claimants. It is important to emphasize that no monetary offer to Plaintiffs Demarco ever occurred until September 14, 2006. At every stage of these proceedings Mr. Doire has expressed the desire that Travelers settle this case—yet no offer was made.

In our view, there has existed for more than two and a half years the very real possibility that a judgment in this case would exceed the policy limit, and that the assets of the insured, Mr. Doire, would be exposed. Now a jury has returned a verdict in excess of $2.7 million. Travelers bears responsibility for the payment of this judgment pursuant to *Asermely* and the body of caselaw. In our view, the language of *Asermely* could not be more applicable: "If the insurer declines to settle the case within the policy limits, it does so at its peril in the event that a trial results in a judgment that exceeds the policy limits, including interest."

Additionally, Travelers should bear the legal expense that Mr Doire has incurred by retaining me to represent Mr. Doire during the pretrial and trial stages, because all parties to this action recognized the necessity for Mr. Doire to have counsel since a verdict in excess of the policy limit could very well take place. Travelers' failure to make any offer to settle has cost Mr. Doire thousands of dollars already. Please contact me in response so that I can forward my invoice to you.

Be advised that Mr. Doire intends to explore all legal options available to protect his rights and his interests. Please respond immediately as to Travelers' position with respect to payment of this judgment.

Sincerely,

Jeffrey B. Pine

Jeffrey B. Pine