# EXHIBIT 3

**D'AMICO - BURCHFIELD**
536 Atwells Avenue
Providence, RI 02909

# confidential fax

| | |
|---|---|
| *To:* | **Caren Gattinella** |
| *Fax Number:* | 1-877-786-5584 |
| | |
| *From:* | **Amy M. Aubin** |
| *Fax Number:* | 490-4834 |
| *Business Phone:* | 454-1222 |
| *Home Phone:* | |
| | |
| *Pages:* | 4 |
| *Date/Time:* | 9/29/2006 4:09:07 PM |
| *Subject:* | DeMarro v Doire |

D'AMICO • BURCHFIELD, LLP
LEGAL SOLUTIONS IN A COMPLICATED WORLD

September 29, 2006

*VIA FACSIMILE and REGULAR MAIL*

Travelers
Caren Gattinella, Director
Claim Services
44 Bedford Street
PO Box 11
Middleboro, MA 02344

***Re:*** ***Wayne DeMarco, et als***
***Vs:*** ***Leo H. Doire, et als***
***D/O/L: 9/10/03***
***Your File #: AJN3624***

Dear Ms. Gattinella:

As you are now aware this matter was tried before a Providence County Jury from September 18, 2006 through September 22, 2006. The jury returned a verdict in the amount of $2,801,937 (Two Million Eight Hundred One Thousand, Nine Hundred Thirty Seven Dollars). Interest is currently accruing on this judgment at roughly $30,000 per month

At trial, your counsel stipulated to liability and presented no witnesses or any other evidence regarding any aspect of the case. Simply put, your counsel presented no defense at all during the trial of this case. Mr. DeMarco's claim was not fairly debatable in any sense of the term. In fact, your counsel stated on the record that Mr. DeMarco's claim could very well exceed the policy limit. There can be no reasonable explanation for Traveler's failure to negotiate in good faith.

536 Atwells Avenue · Providence, Rhode Island, 02909
Tel. 401.454.1212 · Fax. 401.454.1233 · www.DBLAWRI.com

*Ms. Gattinella*
*September 29, 2006*
*Page 2*

Many times prior to trial we advised both you and your counsel that this case had a very real potential for a verdict above and beyond your policy limits and we repeatedly, throughout the years since the accident, demanded the policy limits to settle Mr. DeMarco's claim. Prior to this verdict, we advised you on no less than 4 occasions that Mr. DeMarco would be willing to settle this matter for the $1,000,000 policy limit. This was presented to you in writing on February 2, 2004; February 25, 2004; July 22, 2005 and finally on August 23, 2006. The only response we ever received was on February 27, 2004 when Caren Gattinella asserted that Travelers could make no offer to our client because there were multiple claimants.

Of interest, Travelers did attempt to convene a mediation with one day's notice some two weeks before the trial date. We attended and participated in the mediation session, in good faith, and still Travelers failed to extend a formal offer of settlement. The only settlement offer ever made in this matter came the Friday before trial. At that time Travelers offered Mr. DeMarco $550,000, contingent upon the other claimant accepting $450,000. Incredibly, on the day of trial, a second offer to settle the case was extended in the amount of $700,000, with the clear understanding that your insured was contributing some of his own personal money.

To date, no other offer has been made. In the middle of the trial, your own insured demanded that the matter be settled within the policy limits and even then you ignored his wishes. The consistent position of Travelers has been that it is not capable of settling this case, or even attempting to settle, because another claim exists

It is now clear to us why Travelers has never entertained or even acknowledged the reasonable demands for settlement. Travelers' appears to have a company policy of delaying potential settlements based on the premise that there are multiple claimants. This policy is not a valid basis to avoid settlement. Indeed, in *Travelers Indemnity Company v. Citgo Petroleum Corp.*, 166 F.3d 761 (5th Cir. 1999), the Court specifically held that an insurer (in this case Travelers) ***could*** accept a reasonable settlement within policy limits from one of multiple plaintiff's without being held liable for doing so. Since this was a Travelers case, we are sure your adjusters are well aware of it.

Nevertheless, Travelers decided, in this case, that it would not extend an offer of settlement to Mr. DeMarco and that the demand of $1,000,000 was unreasonable. Travelers was willing to proceed to trial and did so while stipulating to liability and presenting no witnesses and no other evidence in the defense of your insured. Further, we see no legitimate appellate issues as Travelers' counsel did not object to any portion of the Plaintiffs case, nor did he object to the jury instructions. It is clear that there was no reasonable basis for Traveler's to proceed in the manner outlined herein and that

*Ms. Gattinella*
*September 29, 2006*
*Page 3*

Travelers did so to comply with a company policy that clearly infringes on the fiduciary duty to it owes to its insureds.

The ramifications of such a policy as it relates to bad faith are massive. It would appear as though Travelers, on a national scale, maintains a standard company policy of refusing to negotiate claims with multiple claimants in an effort to keep and invest it's funds for as long as possible. I am confident that discovery during a potential bad faith claim would disclose your company's inappropriate nationwide practice.

Not only has your insured been exposed to this excess judgment as a result of this policy, but your insured's business, Virginia Transportation Company, is facing significant financial problems that could very well result in bankruptcy. You should be aware that your insured, Virginia Transportation Company, is on the brink of financial ruin as a direct result of the significant judgment against it and because of Travelers' steadfast refusal to make an offer to only one claimant. It is our understanding that all lines of credit, bank accounts and future financing for Virginia Transportation Company have now been halted as a result of this verdict. It is clear that Travelers' conduct in this case has utterly devastated your insured, his family and his company.

To put it simply, we believe that the facts outlined in this letter could likely result in one of the largest bad faith claims in the United States since the case of *State Farm Mutual v. Campbell,* 538 U.S. __ (2003). This potential scenario, however, is avoidable. At this time our clients are willing to accept the judgment amount of $2,801,937 in full and final satisfaction of this claim. This demand must be accepted on or before October 18, 2006 as our demand will continue to increase by the accruing interest each month thereafter.

Our August 23, 2006, a letter to Travelers was ignored. There was no response. We hope that there will be some response to this letter before October 18, 2006. If there is none, we will assume that Travelers has rejected this offer and we will zealously pursue all legal avenues to seek redress for Traveler's clearly egregious conduct in this case.

Very truly yours,

Mark W. Dana
e-mail address: mwd@dblawri.com

MWD:aa

cc: Michael R. DeLuca, Esq. (via facsimile and regular mail)
One Turks Head Place – Suite 900
Providence, RI 02903